# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



FILED

March 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOE NATHAN PERSON, | ) | NO. 02C01-9806-CC-00175 |
| Appellant, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction Relief) |

**FOR THE APPELLANT:**

**JEFF MUELLER**
102 E. Baltimore, Ste. 127
P. O. Box 2831
Jackson, TN  38302

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**J. ROSS DYER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General
(Pro Tem)

**MARK E. DAVIDSON**
Assistant District Attorney General
302 East Market Street
Somerville, TN  38068

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Petitioner, Joe Nathan Person, appeals the denial of his petition for post-conviction relief by the Circuit Court of Madison County. Petitioner was convicted of first degree murder and received a sentence of life imprisonment. The sole issue in this appeal is whether petitioner was denied effective assistance of counsel. After a careful review of the record, we AFFIRM the judgment of the trial court.

## PROCEDURAL HISTORY

On September 10, 1991, petitioner was convicted of the first degree murder of Danny Ray Tyson and sentenced to life imprisonment. He perfected a direct appeal to this Court which affirmed the conviction and sentence. *See* State v. Joe Nathan Person, C.C.A. No. 02C01-9205-CC-00106, Madison County (Tenn. Crim. App. filed September 29, 1993, at Jackson).

On September 7, 1994, petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel.[1] The post-conviction court conducted an evidentiary hearing on April 2, 1998, found the allegations to be without merit, and entered an order denying post-conviction relief on May 19, 1998. This appeal followed.

## FACTS

The pertinent underlying facts are summarized from this Court's opinion in the direct appeal. On October 1, 1989, at approximately 1:00 a.m., petitioner knocked on Florene Hobson's door asking for "Dino." Dino owed the petitioner money. Eugene Cole and the victim, Danny Ray Tyson, advised the petitioner that Dino was not present. According to the eyewitness Cole, petitioner walked off the

---

[1] Contrary to the state's argument, this matter is controlled by the prior Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 *et seq*, and not the current Act, Tenn. Code Ann. §§ 40-30-201 *et seq*. The current Act only applies to petitions filed after May 10, 1995. *See* Tenn. Code Ann. § 40-30-201 Compiler's Notes.

2

porch and stated, "[y]ou don't know nothing about me." Petitioner then fired a shot into the ground, pointed the gun at the victim, misfired two times, and then fired the gun again, killing the victim. The petitioner got into a car with his friend, Anthony Carter, and left the scene.

Subsequently, officers arrested the petitioner at his girlfriend's residence. Officers found a .38 revolver outside this residence beside a wood pile. The revolver's cylinder contained two empty shells that had been fired, two rounds that had not been fired, and two empty cylinders with no rounds in them.

The petitioner testified at his trial. He claimed that Dino was dealing drugs from Hobson's residence. Petitioner did not believe Cole when Cole told him that Dino was not present, and the two got into a shoving match which the victim joined. During the struggle, Cole's gun fell to the floor, petitioner grabbed it and fell backward; the gun went off. Petitioner stated he then threw the gun and left the scene.

## POST-CONVICTION HEARING

At trial petitioner was represented by H. Rainey Pegram, who died after the trial but before the post-conviction hearing. Three witnesses testified at the post-conviction hearing: Terry Wayne Clark, Dale Person and the petitioner.

Clark testified he was with petitioner on the day of the homicide, and the petitioner had consumed a "pretty good amount" of alcohol that day. Clark was never contacted by defense counsel and never told anyone these facts.

Dale Person, petitioner's brother, testified that he saw the petitioner shortly prior to the homicide. He described the petitioner as "tore up" and "highly intoxicated." However, he did not provide this information to defense counsel because he was never contacted by anyone.

Petitioner testified to the following:

> (1) he told his attorney about Clark and Dale Person;
>
> (2) his attorney met with him five or six times before trial; at least two or three of the meetings were in

3

counsel's office;

(3) he was familiar with the criminal justice system having had three prior convictions;

(4) his attorney advised him that intoxication would not be a viable defense;

(5) his attorney advised him to reject the state's plea offer of 35 years at 35% since counsel felt the jury would convict of a lesser offense;

(6) his attorney did not prepare him to testify at trial;

(7) he consumed gin, beer, marijuana and cocaine on the day of the shooting;

(8) he did not testify at trial about his consumption of beer, gin, marijuana and cocaine;

(9) contrary to his trial testimony, he actually secured the pistol from Carter, and fired in self-defense; and

(10) he told his attorney the same facts that he told the jury.

The post-conviction court found that trial counsel's performance was not deficient nor prejudicial to petitioner. Specifically, the post-conviction court found petitioner told his counsel the same things he testified to at trial. Therefore, counsel based petitioner's defense upon accident and a denial of an intentional shooting. The court further found that the petitioner's detailed trial testimony as to the facts and circumstances surrounding the shooting was inconsistent with an intoxication defense. Finally, the trial court concluded that the evidence against petitioner was overwhelming; thus, trial counsel could not have done anything to change the outcome of the trial.

## STANDARD OF REVIEW

The judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The post-conviction court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by those findings unless the evidence in the record

4

preponderates against them.  Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996).  This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge.  Henley v. State, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).  Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court.  Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755.  The burden of establishing that the evidence preponderates against the post-conviction court's findings is on petitioner.  Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755.

## EFFECTIVE ASSISTANCE OF COUNSEL

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial.  Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).  To establish prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068.

The test in Tennessee to determine effective assistance is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases.  Baxter v. Rose, 523 S.W.2d at 936.  The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable

5

professional assistance. <u>Strickland v. Washington</u>, 466 U.S. at 689, 104 S.Ct. at 2065; <u>Alley v. State</u>, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); <u>State v. Williams</u>, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996).

## DISPOSITION OF PETITIONER'S CONTENTIONS

**(1)**

Petitioner contends trial counsel did not confer with him sufficiently prior to trial but concedes that he saw counsel on several occasions prior to trial. Petitioner has made no showing that additional conferences would have aided his defense. This issue is without merit.

**(2)**

Petitioner contends counsel was deficient in not filing a motion to suppress the gun before the day of trial. We agree that counsel was deficient with regard to this untimely filing. However, petitioner has made no showing as to the merits of such a motion. Accordingly, he has not established prejudice. *See* <u>Jimmy Leslie Sluder v. State</u>, C.C.A. No. 03C01-9605-CR-00184, Knox County (Tenn. Crim. App. filed February 27, 1997, at Knoxville). This issue is without merit.

**(3)**

Petitioner contends counsel was deficient in failing to interview or subpoena Carey Dean (Dino) who was present at the scene of the crime. However, Dean did not testify at the post-conviction hearing. Petitioner has failed to establish prejudice. *See* <u>Black v. State</u>, 794 S.W.2d at 757. This issue is without merit.

**(4)**

Petitioner contends counsel failed to prepare for the testimony of the co-defendant Carter, who reached a plea agreement with the state prior to petitioner's trial. However, Carter did not testify at trial. There has been no showing of deficiency nor prejudice. This issue is without merit.

**(5)**

Petitioner contends counsel was deficient in failing to advocate intoxication

6

so as to reduce the grade of homicide. Counsel obviously made a strategical decision not to advance such a defense. Petitioner's ability to remember and relate the details of the shooting are not consistent with this defense. In view of petitioner's position that the shooting was accidental, counsel was not deficient in failing to advocate intoxication. We will not "second guess" counsel's strategic decision based upon hindsight. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Petitioner has not shown a reasonable probability that the outcome of the trial would have been different had intoxication been advocated. This issue is without merit.

**(6)**

Petitioner contends counsel was deficient in failing to pursue a lesser offense. The post-conviction court noted, pursuant to the facts related by petitioner at trial, the lesser offense of involuntary manslaughter might apply. However, the state was unwilling to concede the applicability of this lesser offense. Petitioner rejected a plea offer of 35 years at 35%. At trial, defense counsel argued, consistent with petitioner's testimony, that the killing was, at most, accidental. The trial court charged the jury as to first degree murder, second degree murder, voluntary manslaughter and involuntary manslaughter. The jury rejected all lesser grades of homicide. The evidence does not preponderate against the post-conviction court's findings that counsel was not deficient in this regard. Furthermore, petitioner has not established a reasonable likelihood that the result would have been any different had counsel argued differently. This issue is without merit.

**(7)**

Petitioner contends counsel was deficient in failing to object to various improper questions and statements at trial. We have reviewed the specific instances related by petitioner in support of this contention. We conclude petitioner has not shown a reasonable probability that the outcome of the trial would have been any different had counsel objected. This issue is without merit.

**(8)**

Petitioner contends counsel was deficient in failing to cross-examine state

7

witnesses on key issues. Again, we conclude petitioner has failed to establish the likelihood of a different outcome of the trial had cross-examination been conducted differently. This issue is without merit.

**(9)**

Petitioner contends he did not expect to testify at trial and was inadequately prepared by his counsel. The post-conviction court found petitioner was not surprised when called upon to testify and that petitioner was anxious to testify. His testimony was consistent with the facts he related to counsel and supported an accidental shooting. Petitioner now states that he perjured himself at trial, and the shooting was in self-defense. We find no reason to blame counsel. This issue is without merit.

**(10)**

Petitioner contends counsel was deficient in failing to object to the judge's questioning of petitioner during his trial testimony. We have reviewed the transcript as to this questioning. We conclude the questioning was proper, and there was no reason for counsel to object. This issue is without merit.

**(11)**

Finally, petitioner contends counsel went into trial without an appropriate strategy. Counsel's strategy was consistent with the facts related by the petitioner to him and to the jury. The fact that the jury rejected petitioner's testimony is not counsel's fault. We conclude petitioner has failed to show counsel was deficient in this regard. This issue is without merit.

## CONCLUSION

We conclude the evidence does not preponderate against the findings of the trial court. Accordingly, the judgment of the trial court is **AFFIRMED**.

8

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JOHN H. PEAY, JUDGE**


_____
**JAMES C. BEASLEY, SR., SPECIAL JUDGE**